UNITED STATES DISTRICT COURT FILED
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION  2005 JUN 10 P 4: 48

| | |
|---|---|
| JOE FRANK VEYTIA, JR., individually and for AUGUST PARTNERS, INC. and PURLIN QUICK CONNECT, INC., as shareholder § § § § § Petitioners, § § v. § § MICHAEL AND LAURA JOHNSON § § Respondents § | SA05CA0553 FB Civil Action No._____ § |

## ORIGINAL PETITION TO COMPEL ARBITRATION AND TO STAY STATE ACTION

Petitioners Joe Frank Veytia, Jr. individually and for his corporations as shareholder in August Partners, Inc. and Purlin Quick Connect, Inc. (hereinafter "JFV" for Joe Frank Veytia, Jr., individually, ("API") for August Partners, Inc. and ("PQC") Purlin Quick Connect, Inc.) herein file this Petition to Compel Arbitration and to Stay State Action against Respondents Michael Johnson and Laura Johnson and would show the court as follows:

### I. PARTIES

1. Joe Frank Veytia, Jr. is an individual who resides at 255 Taylor Point Rd., Bulverde, Comal County, Texas 78163. August Partners, Inc. and Purlin Quick Connect, Inc. are both Texas corporations with their principal places of business at 255 Taylor Point Rd., Bulverde, Comal County, Texas 78163. The above three defendants were sued as some of the defendants in a Bexar County District Court by the Respondents named below.

Atascosa National Bank, represented by Mr. Sam Drugan, 800 Broadway St., San Antonio, Texas 78215, was also named as one of the defendants in Bexar County District Court, however, they reached a Rule 11 settlement agreement in mediation. John Mosher, the former President of Purlin Quick Connect, Inc., failed to file an answer which resulted in an interlocutory default judgment by the Bexar County District Court and has disappeared and has no known address.

2. Respondents Michael Johnson and Laura Johnson are individuals who reside in Bexar County in the State of Texas and are represented by their attorney

Bryan A. Woods, 8626 Tesoro Drive, Suite 500, San Antonio, Texas 78217 who has accepted service on their behalf.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court over the subject matter of this Petition is predicated on 28 U.S.C. § 1331, 9 U.S.C. § 4 and the Federal Arbitration Act. The amount in controversy, as set forth in the pleading attached to this Petition as Exhibit 1, involves a construction dispute with a binding arbitration clause covering all the disputes between the parties and a substantial portion of the transaction between the parties involves interstate and international commerce.

## III. GENERAL ALLEGATIONS

4. Purlin Quick Connect, Inc. and August Partners, Inc. import building panels (W Panels) and red iron steel construction components from Mexico. Joe Veytia Jr. is an officer and shareholder in both corporations. These building panels along with steel framing and components once erected have cement applied to both sides to form the structure of a residence or commercial building. In addition to the steel components and W Panels from Mexico, perlite from Colorado is used as an aggregate in the cement, a concrete mixer/sprayer was purchased from a manufacturer in California, red iron was purchased from a Mexican importer. A substantial portion of the construction materials and equipment used by Petitioners involves interstate and international commerce.

5. On or about, May, 2003, Respondents initially entered into a contract titled the Residential Construction Contract ("Contract") to have their 4,000 square foot residence manufactured and constructed using steel framing and building panels with only one of the Petitioners - Purlin Quick Connect, Inc. in the amount of $228,800. Atascosa National Bank was the construction lender for the project.

6. Petitioners allege that Respondents breached the contract and conspired with the former President of PQC, Mr. John Mosher (Respondents and John Mosher were friends prior to the transaction) to defraud PQC of labor and materials used to build an 1,800 sq. ft. metal building on Respondents' property and, in addition, together siphoned off construction loan funds in a kickback scheme with Respondents. As a result, the construction loan was depleted prior to completion of the residence. Respondents have sued Petitioners for breach of contract and various other causes of actions and breach of fiduciary duty against Atascosa National Bank, a co-defendant in the Bexar County District Court.

7. The first provision of the Special Provisions in the Contract states:

*__MEDIATION AND BINDING ARBITRATION:__ SHOULD A DISPUTE OCCUR DURING THE COURSE OR AFTER COMPLETION OF THIS PROJECT, RELATED TO THE PROPERTY, THIS PURCHASE AGREEMENT OR THE CONSTRUCTION OF THE RESIDENCE, WHICH INVOLVES ANY ASPECT OF THE CONSTRUCTION CONTRACT,*

*INCLUDING ITS EXHIBITS, SUPPLEMENTS, CHANGE ORDERS AND ADDENDUM, FOR WHICH OWNER AND CONTRACTOR ARE UNABLE TO RESOLVE THROUGH DISCUSSION, THE PARTIES AGREE TO SUBMIT THEIR DISPUTE(S) TO BINDING MEDIATION ONLY. THE PARTIES AGREE TO IMMEDIATELY COMMENCE MEDIATION THROUGH THE BEXAR COUNTY DISPUTE RESOLUTION CENTER. SUBJECT TO THE BELOW PROVISIONS, ALL CLAIMS, DEMANDS, DISPUTES, CONTROVERSIES AND DIFFERENCES THAT MAY ARISE BETWEEN THE PARTIES (INCLUDING THE OFFICERS, AGENTS AND EMPLOYEES OF EACH PARTY) OF WHAT EVER NATURE OR KIND, INCLUDING, BUT NOT LIMITED TO, DISPUTES AND CONTROVERSIES (1) AS TO EVENTS, REPRESENTATION OR OMISSIONS, WHICH PREDATE THIS PURCHASE AGREEMENT, (2) ARISING OUT OF THIS AGREEMENT, (3) RELATIVE TO THE CONSTRUCTION CONTEMPLATED BY THIS PURCHASE AGREEMENT, AND (4) REPAIRS, MODIFICATIONS AND WARRANTY CLAIMS ARISING AFTER THE CONSTRUCTION IS COMPLETED, SHALL BE SUBMITTED TO BINDING MEDIATION AND SUCH MEDIATION SHALL BE GOVERNED BY THE RULES OF THE BEXAR COUNTY DISPUTE RESOLUTION CENTER. EITHER PARTY MAY, WITHIN ONE YEAR AFTER A MEDIATION AWARD, APPLY TO THE U.S. DISTRICT COURT FOR THE WESTERN DISTRICT OF TEXAS TO CONFIRM THE AWARD. THE FORWARDING OF A WRITTEN DEMAND FOR BINDING MEDIATION SHALL TOLL THE RUNNING OF ANY APPLICABLE STATUTE OF LIMITATIONS FOR THE MATTER TO BE MEDIATED. THIS AGREEMENT TO MEDIATE SHALL SURVIVE TERMINATION OF THE RESIDENTIAL CONSTRUCTION CONTRACT. THE PARTIES AGREE THAT THIS PROVISION SHALL SURVIVE THE CONSTRUCTION LOAN WITH OWNER'S LENDER INTO LONG TERM FINANCING AND COMPLETION OF THE CONSTRUCTION, AND SHALL BE ACKNOWLEDGED IN WRITING IN AN INSTRUMENT TO BE RECORDED IN THE OFFICIAL PUBLIC RECORDS OF REAL PROPERTY IN BEXAR COUNTY, TEXAS. CONTRACTOR RESERVES THE RIGHT TO POSTPONE FURTHER WORK ON THE PROJECT UNTIL THE DISPUTE IS RESOLVED. THE CONTRACT COMPLETION DATE MAY BE EXTENDED BY CONTRACTOR COMMENSURATE WITH THE TIME FRAME CONSTRUCTION IS DELAYED. ANY ADDITIONAL CHARGES IMPOSED BY CONTRACTOR'S SUBCONTRACTORS AND SUPPLIERS FOR RE-START OF WORK SHALL BE ADDED TO THE CONTRACT AS A CHANGE ORDER.*

All disputes in this cause of action are clearly subject to this provision. Although the above provision in the Contract states "*binding mediation*" a Texas court held "*Contract for construction of home provided for bind arbitration rather than ordinary mediation, even though it used term "mediation", because, when read as a whole, contract manifested an intent to submit disputes to binding arbitration, as evidenced by the terms "mandatory" and "binding" to qualify "mediation". It is clear that the parties waived their right to subject matter jurisdiction by the courts and are contractually obligated to resolve their disputes in mediation and if not settled there, then binding arbitration*" High Valley Homes, Inc. v. Fudge, 2003 WL 1882261 (Tex.App.-Austin).

8. The above provision clearly required the parties to submit to mediation with the Bexar County Dispute Resolution Center as the mediator. The previous ADR mediation was not referred to the Bexar County Resolution Center as agreed by the parties in the contract. Furthermore, pursuant to the Federal Arbitration Act:

> *The mediation shall be terminated: (a) by the execution of a settlement agreement by the parties; (b) by declaration of the Mediator to the effect that further efforts at mediation are no longer worthwhile;*

> or (c) after the completion of one full mediation session, by a written declaration of a party or parties to the effect that the mediation proceedings are terminated.

Futhermore, in the previous Bexar County District Court mandated mediation neither Respondents or Petitioners made a written declaration that the mediation proceedings were terminated. The Memorandum of Settlement (attached hereto) was the only result of the prior mediation.

9. In the alternative, if the court determines that mediation is no longer worthwhile but rules that "binding arbitration" was agreed by the parties in the Contract then the Court is still required to refer the matter to binding arbitration. Any doubts regarding the scope of an arbitration agreement should be resolved in favor of arbitration. *Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996) (orig. proceeding).

10. Respondents have not been prejudiced in pursuing the matter in state district court because all preparation that has transpired would have been necessary for arbitration proceedings between the parties. Petitioners have been denied in 2 hearings before the state district court to compel arbitration. Respondents have been granted an interlocutory default judgment solely because Petitioners were represented by nonattorney shareholder JFV and the state district court removed Petitioners constitutional lien and lis pendens. Petitioners' rights have been prejudiced by not having all issues heard in an arbitration hearing and loss of the only remedy under law by removal of the lis pendens and constitutional lien prior to the final judgment. The Supreme Court of Texas held that arbitrators have authority to determine properly submitted mechanic lien issues, including the validity of the lien. *CVN Group, Inc., v. Delgado, 95 S.W. 3d 234 (Tex. 2002.*

10. Respondents have refused to submit to binding arbitration pursuant to FAA.

11. Wherefore, Petitioner prays as follows:
    A. That Respondents be ordered to arbitrate all issues before an <u>experienced construction arbitrator</u> pursuant to the Federal Arbitration Act on all claims alleged by and between Petitioners and Respondents in *Cause No. 2004CI09578 Michael Johnson and Laura Johnson v. John Mosher, Joseph Frank Veytia, Jr., individually, and D/B/A All Custom Homes, August Partners, Inc., and Purlin Quick Connect, Inc. and Atascosa National Bank* in the 407th Judicial District of the Bexar County District Court.
    B. That pursuant to 28 U.S.C. § 2283, this Court should order that the state court proceedings against Petitioners in the cases named above be stayed pending conclusion of the arbitration to be ordered herein, and;
    C. That Petitioners be awarded such other relief as the Court deems proper.

Respectfully submitted,

By: _____
Joe Veytia, individually and as shareholder for

Purlin Quick Connect, Inc. and
August Partners, Inc.

255 Taylor Point Rd.
Bulverde, Texas 78163
210/378-0510

**FILED PRO SE JOE VEYTIA
INDIVDUALLY, AND AS
SHAREHOLDER IN THE
REPRESENTATIVE CAPACITY AS
BENEFICIAL SHAREHOLDER OWNER
AS THE PRO SE CORPORATE
LITIGANT FOR THE CORPORATIONS
NAMED ABOVE**

| STATE OF TEXAS | § |
| --- | --- |
| | § |
| COUNTY OF COMAL | § |

BEFORE ME, the undersigned authority, on this day personally JOE FRANK VEYTIA, JR. who, after being duly sworn, did depose and state:

1. My name is Joe Frank Veytia, Jr. I am 21 years of age, of sound mind, and capable of making this declaration. I am a shareholder in Purlin Quick Connect, Inc. ("PQC") and August Partners, Inc. ("API"). I have personal knowledge of the matters set forth in this Declaration. If called to testify to the truth and accuracy of such matters, I could and would testify competently thereto.

2. I am the Chairman of PQC and President of API and shareholder in both corporations. The corporations are Texas corporations with their principal place of business at 255 Taylor Point Rd. Bulverde, Comal County, Texas 78163. The above corporations' board of directors has authorized me as shareholder to pursue this lawsuit in the interests of the corporations as the pro se representative shareholder. Both corporations are closely held corporations.

3. API and PQC are involved in importing building materials and building residences and commercial structures using steel components and building panels manufactured and imported from Mexico. Many other building materials and equipment used by my companies involve interstate and/or international commerce in building these structures.

4. On or about May, 2003, John Mosher as President of PQC and Michael and Laura Johnson executed a Residential Construction Contract (termed herein as the "Contract") on behalf of PQC only. The Contract has an enforceable mediation and binding arbitration clause executed by the parties therein which contractually bound all the parties to settle all disputes and claims in mediation and/or binding arbitration.

5. I am further informed and believe that Michael and Laura Johnson breached the Contract and conspired with John Mosher to siphon construction funds in a kickback scheme which caused the construction loan to be depleted and resulted in the residence not being completed. Also, Michael and Laura Johnson conspired with John Mosher to defraud PQC of labor and materials for an 1,800 sq. ft. metal building which had a value of $36,000.

6. On behalf of PQC, I filed a constitutional mechanic's lien to give constructive notice of our claims for payment against the property owned by Michael and Laura Johnson at 14278 Cassiano Rd., Elmendorf, Bexar County, Texas.

7. Respondents have refused to submit to binding arbitration on the disputes, claims and causes of action between the parties including, but not limited to the

validity of the mechanics liens. The Bexar County District Court has failed to compel arbitration on all the issues between the parties or order a stay of proceedings.

I declare, under penalty of perjury under the laws of the State of Texas and the United States, that the foregoing is true and correct and that I have executed this affidavit in Bulverde, Comal County, Texas on this ___ day of June, 2005.

_____
Joe Veytia

Subscribed and sworn to before me, a Notary Public, on this ___ day of June, 2005.

_____
Notary Public

My commission expires:

_____



BRENDA WHITE
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 02-03-2008