UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2005 JUN 29 P 4: 05
CLERK, U.S. DIST COURT
TEXAS

JOE FRANK VEYTIA, JR., individually And for AUGUST PARTNERS, INC. and PURLIN QUICK CONNECT, INC., As shareholder
Petitioners

VS.

MICHAEL AND LAURA JOHNSON
Respondents

CIVIL ACTION NO. SA05CA0553FB

RESPONDENTS' MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1)(2)

MICHAEL JOHNSON and LAURA JOHNSON, Respondents, file this their Motion to Dismiss Pursuant to F.R.C.P. 12(b)(1)(2) and show as follows:

1. In Petitioners' "jurisdiction and venue" portion of their Original Complaint, Petitioners allege that this Court has jurisdiction over the subject matter of this petition based upon *"28 U.S.C., §1331, 9 U.S.C. §4 and the Federal Arbitration Act"*. Further, Plaintiffs allege that these matters are proved by a *"pleading attached to this Petition as Exhibit '1'"*. However, the version that was delivered to the law offices of Bryan A. Woods did not have an Exhibit "1" attached.

2. Federal question jurisdiction over this dispute does not exist because this dispute does not arise under the Constitution, laws or treaties of the United States. As stated in Respondents' 12(b)(6) Motion to Dismiss, all of the allegations made by Petitioners in the instant cause have been litigated in Cause No. 2004-CI-09578, styled *Michael Johnson and Laura Johnson v. Dwight R. Mosher a/k/a Dwight John Mosher a/k/a John Mosher, Joseph Frank Veytia, Jr., Individually and d/b/a All Custom Homes, August Partners, Inc., Purlin Quick Connect, Inc. and Atascosa National Bank.* Now,

6.

Petitioners turn to this Court in an attempt to improperly delay an orderly resolution of all disputes between the parties. Petitioners allege that all disputes between Petitioners and Respondents should be resolved via binding arbitration, which in essence is a defense to the Respondents' claims against Petitioners in the state court action. Allegations made as a defense do not created federal question jurisdiction. *Louisville & Nashville Railroad Company v. Erasmus Mottley,* 211 U.S. 149, 152-153; 29 S. Ct. 42, 43-44 (1908); *Franchise Tax Board v. Laborers Vac. Trust,* 463 U.S. 1, 9-11, 13, 103 S. Ct. 2841 (1983); *Ashley v. Southwestern Bell Telephone Company*, 410 F. Supp. 1389, 1391 (W.D. Tex. 1976).

3. Even if a tangential reference to the Federal Arbitration Act (9 U.S.C. 1, *et. seq.*) possibly raised a federal questions, which it does not, it is well settled that if a federal issue is merely collateral in nature to the primary legal issues involved federal question jurisdiction is not founded. *Willy v. Coastal Corporation,* 85 F. 2d 1160, 1171 (5th Cir. 1988). The causes of action which Respondents alleged in the state court action (breach of contract, violations of the Texas Deceptive Trade Practices Act, negligence, etc.) do not involve a federal question merely because state or federal law incorporates procedures that may be identified in federal statutes or regulations. *Gatlan v. Countryside Industries, Inc.*, 564 F. Supp. 1490, 1491-1495 (N.D. Tex. 1983); *Oliver v. Trunkline Gas Company,* 789 F. 2d 341, 342-343 (5th Cir. 1986).

4. Petitioners reference to 9 U.S.C. 4 likewise does not support federal question jurisdiction. 9 U.S.C. 4 states in pertinent part: *"A party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States District Court, which save for such agreement*

***would have jurisdiction under Title 28,** in a civil action....*" Thus, 9 U.S.C. 4 indicates that federal question or diversity jurisdiction must exist for jurisdiction to be properly established in the instant cause. As stated above, federal question jurisdiction does not exist. Further, Petitioners do not rely upon diversity of citizenship jurisdiction as a ground for this Court having jurisdiction; in fact, Petitioners admit in their Original Complaint that both Petitioners and Respondents are citizens of the State of Texas.

WHEREFORE PREMISES CONSIDERED, Respondents pray that this Court grant this Motion to Dismiss in all things, for such other relief, both in law and in equity to which Defendants may be entitled.

Respectfully submitted,

BRYAN A. WOODS
Petroleum Tower, Suite 500
8626 Tesoro Drive
San Antonio, Texas 78217
Telephone: (210) 824-3278
Telecopier: (210) 824-3937

By: ______________________
BRYAN A. WOODS
21952600
ATTORNEY FOR RESPONDENTS

CERTIFICATE OF SERVICE

I, certify that the foregoing instrument has been served on the following interested person on the 29th day of June, 2005:

Joe Veytia, individually and on behalf of Purlin Quick Connect, Inc. and August Partners, Inc., 255 Taylor Point Road, Bulverde, Texas 78163 via certified mail, return receipt requested

______________________
Bryan A. Woods